**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandria Barclay,<br><br>Plaintiff,<br><br>vs.<br><br>Phoenix College, et al.,<br><br>Defendant. | No. CV11-1968-PHX-DGC<br><br>**ORDER** |

Plaintiff Alexandria Barclay has filed a complaint and a request for a temporary restraining order ("TRO"). Doc. 1. She has also filed a motion for leave to proceed in forma pauperis (Doc. 3), and a motion for leave to file documents electronically (Doc. 5). For the reasons that follow, the TRO and motion to file electronically will be denied, and the motion to proceed in forma pauperis will be granted.

**I.    Request for Temporary Restraining Order.**

Plaintiff seeks a TRO, but her filings do not show that Plaintiff has served or otherwise given notice of her request to Defendants. Under Rule 65 of the Federal Rules of Civil Procedure, a TRO may be entered without notice to Defendants only if the requirements of Rule 65(b)(1) have been satisfied. Plaintiff makes no attempt to show that these requirements have been satisfied.

In addition, to obtain a TRO, a Plaintiff must show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008).

The test includes a sliding scale. If the plaintiff has shown that the balance of hardships tips sharply in her favor, she need not make as strong a showing of the likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cotrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Plaintiff has filed a 31-page complaint and a 91-page memorandum of points and authorities. The nature of Plaintiff's claims are not clearly identified, but she appears to complain about the termination of federal financial aid she was receiving in connection with her college education. Plaintiff appears to argue that her due process rights were violated because the notice she received prior to a hearing was insufficiently clear to enable her to prepare for the hearing. Plaintiff also asserts a long list of claims for negligence, negligent misrepresentation, breach of implied warranty, breach of contract, breach of the implied covenant of good faith and fair dealing, civil conspiracy, aiding and abetting, fraud, fraudulent concealment, intentional interference with contractual relations, slander, libel, false light invasion of privacy, abuse of process, abuse of power, and violations of various federal civil rights statutes. Plaintiff has not shown, however, that she is likely to succeed on the merits of these claims. Nor has she shown that the claims raise serious questions, a showing which requires a "fair chance" of success on the merits. *Republic of the Philippians v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (*en banc)*.

Because Plaintiff has not provided notice to Defendants as required by Rule 65, and has not satisfied the requirements for obtaining a TRO, her request for a TRO is denied.

**II.     Request to Proceed In Forma Pauperis.**

Plaintiff's motion to proceed in forma pauperis includes the Court's required affidavit. Doc. 3. Having reviewed the affidavit, the Court will grant Plaintiff's request and permit her to proceed in forma pauperis.

**III.  Motion to Allow Electronic Filing.**

The Court, as a matter of standard operating policy, does not allow non-lawyers to file documents electronically.  Plaintiff's request is denied.

**IV.  Screening of Complaint.**

In in forma pauperis ("IFP") proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]"  28 U.S.C. § 1915(e)(2).  While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]"  *Id.* at 1130.  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.* at 1127.  A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").  When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true."  *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not

sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

Plaintiff's complaint is lengthy and includes a long list of alleged wrongs, but the Court is unable to determine from the complaint precisely what actions Plaintiff is complaining about. Plaintiff's complaint names several Defendants, but fails to state clearly what wrongs each Defendant is alleged to have committed and which claims are asserted against which Defendants. As a result, the Court cannot conclude that Plaintiff's complaint asserts a viable claim against any particular Defendant. The complaint therefore will be dismissed for failure to state a claim upon which relief can be granted.

**V.   Leave to Amend.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Lopez*, 203 F.3d at 1127-29 (§ 1915(e)(2)(B)(ii)'s mandated dismissal of an IFP complaint allows a district court to grant leave to amend); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **Friday, November 4, 2011,** to file an amended complaint.

Plaintiff is advised that although she is proceeding IFP, she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States

District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir.1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 129 S. Ct. at 1950. If Plaintiff chooses to file an amended complaint asserting constitutional violations, her pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each Defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. *See Jimenez v. State of Arizona*, No. CV-08-0892 (D. Ariz. May 22, 2008) (order dismissing with leave to amend). Such factual allegations must provide enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1149.

Plaintiff is further advised that she is responsible for having the summons and amended complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure.

If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995).

**IT IS ORDERED:**

1. Plaintiff's request for a temporary restraining order (Doc. 1) is **denied**.
2. Plaintiff's motion to proceed in forma pauperis (Doc. 3) is **granted**.
3. Plaintiff's motion to allow electronic filing (Doc. 5) is **denied**.
4. Plaintiff shall have until **November 4, 2011**, to filed an amended complaint.

Dated this 17th day of October, 2011.

David G. Campbell
United States District Judge