1    **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9    Alexandria Barkclay,                          No. CV11-1968-PHX-DGC

              Plaintiff,                           **ORDER**
10

11   v.

12   Phoenix College, et al.,

              Defendant.
13

14          Plaintiff Alexandria Barkclay filed an initial complaint and requested a Temporary

15   Restraining Order ("TRO"). Doc. 1. Plaintiff also filed a motion for leave to proceed *in*

16   *forma pauperis*. Doc. 3. The Court granted the latter motion, denied her request for a

17   TRO, and screened her complaint pursuant to 28 U.S.C. § 1915(e)(2). Doc. 7. As a

18   result of the screening, the Court concluded that Plaintiff had failed to state a claim. The

19   Court granted Plaintiff leave to file an amended complaint by November 4, 2011. *Id.*

20          Plaintiff filed an appeal (Doc. 9), and the Ninth Circuit referred the matter back to

21   this Court to determine whether the appeal was frivolous and whether Plaintiff's IFP

22   status should be revoked (Doc. 12). In response, the Court concluded that Plaintiff's

23   appeal was frivolous and revoked her IFP status. Doc. 13.

24          Plaintiff has now filed an amended complaint. Doc. 15. Plaintiff has also filed a

25   renewed motion to proceed *in forma pauperis* (Doc. 16), a motion to recuse the

26   undersigned judge (Doc. 23), a motion for a TRO (Doc. 22), a motion to appoint the

27   Marshal to serve Defendants (Doc. 25), and a motion to appoint counsel (Doc. 31). For

28   reasons stated below, the Court will deny Plaintiff's motion to recuse, dismiss the

amended complaint without prejudice, afford leave to amend, deny the motion to appoint counsel, and deny the remaining motions as moot.

**I.    Motion to Recuse.**

Plaintiff moves to recuse the undersigned judge under 28 U.S.C. §§ 144 and 455. Although Plaintiff accuses the undersigned of "sadistic," "pre-meditated," and "murderous criminal acts," her motion is based entirely on the Court's previous rulings in this case.

Section 144 applies when a district judge has "a personal bias or prejudice either against him or in favor of an adverse party[.]"  28 U.S.C. § 144.  "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit."  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Plaintiff has not filed an affidavit, nor has she provided a reasonable basis for concluding that the undersigned has a personal bias against her or in favor of Defendants.  The Court therefore will not grant her recusal request under section 144.

Section 455 provides that a district judge shall disqualify himself in any proceeding "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1).  The bias or prejudice generally "must stem from an extrajudicial source and not be based solely on information in the course of the proceedings." *Hasbrook v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987).  Plaintiff's sole basis for seeking recusal is this Court's prior rulings, which is not a sufficient basis.  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Recusal is not warranted under section 455.

**II.    Screening of Complaint**.

In *in forma pauperis* ("IFP") proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]"  28 U.S.C. § 1915(e)(2).  While much of section 1915 concerns prisoner litigation, section 1915(e) applies to all IFP proceedings.  *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc).  "Section 1915(e)(2)(B)(ii) . . . allows

a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

Plaintiff's amended complaint is an improvement over the initial complaint in this case. It is written in the form of a complaint and identifies specific causes of action. Unfortunately, the amended complaint fails to state a claim upon which relief can be granted and therefore must be dismissed at screening. 28 U.S.C. § 1915(e)(2).

The amended complaint names as Defendants Maricopa County; the Maricopa County Board of Supervisors; each of the individual supervisors, named in their personal and official capacities; Phoenix College; the Maricopa County Community College District Board; and each member of the board, sued in his or her official and individual capacities. Doc. 15. The complaint is 110 pages long. It asserts generally that Plaintiff entered into a contract with Phoenix College to receive an education that guaranteed her a spot among the top two percent of best-selling authors – individuals such as Mary Higgins-Clark, Danielle Steele, Lisa Scottolini, and John Grisham "all rolled up into one." *Id.* at 3. The complaint alleges that Phoenix College advisor Pride and counselor McIntyre failed to include in Plaintiff's curriculum several critical and required courses. Plaintiff also alleges that as a result of the conduct of Pride, McIntyre, and others employed at Phoenix College, she lost federal financial aid, was rendered destitute, and was expelled from Phoenix College.

Plaintiff alleges that she is a public figure known by 90 million Americans as "The Queen of Justice in the American Jurisprudence System." *Id.* at 79. Plaintiff alleges that she is an accomplished author, having written four books in one year and published one in a test market. Plaintiff seeks $30 million in damages.

The amended complaint asserts a number of state-law claims, including negligence, negligent misrepresentation, breach of implied warranty, breach of contract, breach of the covenant of good faith and fair dealing, aiding and abetting, interference with contract, fraud, fraudulent non-disclosure, fraudulent misrepresentation, fraudulent concealment, civil conspiracy to commit fraud, abuse of process, conversion, slander, libel, false light, injurious falsehood/slander of title, profession negligence, unjust enrichment, intentional inflection of emotional distress, and negligent hiring, retention, or supervision. Doc. 15. The complaint also asserts claims for violation of 42 U.S.C. §§ 1983, 1985, and 1985(3). *Id.*

The complaint is based on federal question jurisdiction. *Id.* at 2. But in alleging

the claims for violation of §§ 1983, 1985, and 1985(3) – the only federal claims asserted in the complaint – Plaintiff bases her claim on violation of her alleged "constitutional rights" to a "higher education," "federal funding," "career, business, and trade," and a "good reputation." *Id.* at 62. Plaintiff does not identify the source of these alleged constitutional rights, nor does she tie them to any particular provision of the Constitution.

Elsewhere in the amended complaint, in a section titled "Motion for a Temporary Restraining Order," Plaintiff alleges that she was subjected to a disciplinary hearing at Phoenix College that violated her right to due process of law. The primary persons named in this section include Phoenix College personnel Martinez, Watson, Brimage, Solley, Nelson, Escalante, and the Student Conduct Board, but none of these individuals is named as a defendant in the case. The amended complaint alleges that the Maricopa County Community College District Board, which is named as a Defendant, aided and abetted advisor Pride's false information, but does not specifically allege how the Board did so, or how it otherwise violated Plaintiff's right to due process. *Id*. at 34-36.

In short, the amended complaint fails to allege valid constitutional violations against the named Defendants and thereby fails to allege violations of 42 U.S.C. §§ 1983, 1985, and 1985(3). As a result, the amended complaint fails to state a claim that would confer upon this Court federal question jurisdiction and must be dismissed.[1]

In addition, many Defendants named in the caption of the amended complaint, including Maricopa County, Fulton Brock, Don Stapley, Andrew Kunasek, Max Wilson, Mary Rose Wilcox, Doyle Burke, Donald Campbell, Debra Pierson, and Danan Saar, are never mentioned in the body of the amended complaint. The amended complaint does not include any specific allegations against these individuals and therefore fails to state a claim against them. Although the amended complaint does allege generally that the Maricopa County Board of Supervisors and the Maricopa County Community College

---

[1] In any amended complaint, Plaintiff must identify specific constitutional rights that were violated, tying them to specific provisions of the Constitution, and must explain how each Defendant named in the complaint contributed to the constitutional violation.

District Board aided and abetted the wrongs committed by others, no specific allegations are included as to actions taken by the Boards that harmed Plaintiff. Similarly, although various officers and employees of Phoenix College are alleged to have engaged in wrongs, the amended complaint does not explain the basis for the liability of Defendant Phoenix College. Because the amended complaint fails to include specific allegations establishing the liability of the Defendants named in the amended complaint, the amended complaint fails to state a cause of action and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.     Leave to Amend.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Lopez*, 203 F.3d at 1127-29 (§ 1915(e)(2)(B)(ii)'s mandated dismissal of an IFP complaint allows a district court to grant leave to amend); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy."). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **Friday, January 13, 2012,** to file a second amended complaint.

Plaintiff is advised that this is the final opportunity the Court will afford for her to amend her complaint. Plaintiff will have had three opportunities to state her claims. If Plaintiff fails to do so, the Court will dismiss this case with prejudice.

Plaintiff is advised that although she is proceeding IFP, she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh,* 814 F.2d

- 6 -

565, 567 (9th Cir.1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue,* 784 F.2d 1006, 1008 (9th Cir.1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained in the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 129 S. Ct. at 1950. If Plaintiff chooses to file an amended complaint asserting constitutional violations, her pleading should include a statement of the constitutional rights Plaintiff believes to have been violated, how each right was violated, how each Defendant contributed to the violation, and what injury was caused by each alleged constitutional violation. Such factual allegations must provide enough information for "the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1149.

Plaintiff is further advised that she is responsible for having the summons and amended complaint properly served on each Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure.

1    If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or

2    any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b)

3    of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th

4    Cir.1992); *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995).

5    **IV.    Motion to Appoint Counsel.**

6    There is no constitutional right to appointment of counsel in a civil case. *See Ivey*

7    *v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The

8    appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional

9    circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

10   A determination with respect to exceptional circumstances requires an evaluation

11   of the likelihood of success on the merits as well as the ability of Plaintiff to articulate her

12   claims *pro se* in light of the complexity of the legal issues involved. *Id*. "Neither of

13   these factors is dispositive and both must be viewed together before reaching a decision."

14   *Id.*

15   Having considered both elements, the Court concludes that Plaintiff is not entitled

16   to appointment of counsel. The Court is not persuaded that Plaintiff is likely to succeed

17   on the merits. Moreover, Plaintiff's amended complaint showed substantial improvement

18   over her initial complaint, and Plaintiff is an experienced litigant. *See Barkclay v. State*

19   *of Arizona*, 97-cv-00346-RGS; *Barkclay v. City of Phoenix, et al.*, 01-cv-01454 JWS;

20   *Barkclay v. Wal-Mart Stores, et al.*, 07-cv-00981-MHM.

21   **V.    Other Motions.**

22   Because Plaintiff's complaint is being dismissed without prejudice, her remaining

23   motions will be denied as moot.

24   **IT IS ORDERED:**

25   1.    Plaintiff's motion to recuse the undersigned judge (Doc. 23) is **denied**.

26   2.    Plaintiff's amended complaint (Doc. 15) is **dismissed** for failure to state a

27         claim upon which relief can be granted. Plaintiff may file a second

28

amended complaint on or before **January 13, 2012**.

3.    Plaintiff's motion for appointment of counsel (Doc. 31) is **denied**.

4.    Plaintiff's remaining motions (Docs. 16, 22, 25) are **denied** as moot.

Dated this 16th day of December, 2011.

_David G. Campbell_

David G. Campbell
United States District Judge